### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GEORGE CORTEZ, #M12004,** ) | |
|  ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 19-cv-01238-SMY |
|  ) | |
| **WEXFORD HEALTH SOURCES, INC.** ) | |
| **J. DOE,** ) | |
| **DR. DAVID,** ) | |
| **KAREN SMOOT,** ) | |
| **L. LECRONE,** ) | |
| **DR. SIDDIQUI,** ) | |
| **DR. SHAH,** ) | |
| **GAYLE WALLS,** ) | |
| **HOLLY HAWKINS,** ) | |
| **ANGELA CRAIN,** ) | |
| **JACQUELINE LASHBROOK,** ) | |
| **AMY LANG, and** ) | |
| **FRANK LAWRENCE,** ) | |
|  ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff George Cortez, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts violations of the Eighth and Fourteenth Amendments and the Americans with Disabilities Act. (Doc. 1). Plaintiff seeks monetary damages and injunctive relief. (*Id.*, p. 3).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

dismissed.  28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1):  Plaintiff had a total hip arthroplasty in 2015 that repeatedly became infected and necessitated implant resection and placement of an antibiotic spacer.  He has had seven surgeries and subsequent complications.  In Plaintiff was diagnosed with insulin dependent diabetes mellitus, iron deficiency anemia, chronic kidney disease, acute superficial gastritis with hemorrhage, and hypertension in November 2018.  In November 2019, he was diagnosed with chronic pain.  At that time, his pain level was 10 on a scale of 1-10.

IDOC has regulations governing the transfer of inmates for medical purposes, but those regulations have not been followed as to Plaintiff.  Other IDOC inmates have been sent to a prison facility other than Menard following seven unsuccessful major surgeries.  Other prisoners who are similarly handicapped are single-celled and have been transferred to handicap accessible facilities.  Defendants are aware of the harms and risks caused by their failure and/or refusal to either transfer Plaintiff or assign him to a single cell.  Plaintiff was assaulted by another inmate at Menard in September 2017 and suffered serious injuries.  Forcing Plaintiff to live in a very small cell with fully active inmates has resulted in physical and psychological harm that is obvious to any person, including the defendants.  Defendants are aware that these conditions have caused severe physical and psychological injury to Plaintiff and causes a risk of future physical and psychological harm.  Defendants have turned a blind eye to Plaintiff's injury, risk of future injury, and to his living conditions.

The Wexford Defendants have articulated no valid basis for Plaintiff's ongoing living conditions.  Defendant Wexford is aware of Plaintiff's serious medical need, or strongly suspects

facts showing a likelihood that he has a serious medical need, but has refused to confirm those facts are true. Wexford, although responsible for providing medical care for all IDOC inmates, has failed to take reasonable measures to provide Plaintiff with adequate medical treatment. Because of this failure, Plaintiff has been harmed and is currently subject to a significant risk of further harm.

Defendants are aware of Plaintiff's serious medical needs and have failed and/or refused him sufficiently adequate access to medical treatment. Defendants' policies and procedures failed to provide Plaintiff with adequate medical care and, as a result, he suffers from excruciating pain. Defendants' policies and procedures failed to take into account Plaintiff's severe medical needs and handicaps. Plaintiff's serious physical impairments constitute a disability that substantially limits him in several major life activities, including exercise, self-defense, and running, and have a profound effect on his life. Defendants failed to accommodate his disabilities and placed him with a cellmate who violently assaulted him.

## Discussion

Plaintiff collectively makes allegations against the defendants with the exception of allegations directed at Wexford, which appear to be based on the knowledge and acts or omissions of its employees. Wexford cannot be held liable based on *respondeat superior* for the acts and omissions of its employees. It can be liable only if it had a policy or practice that caused an alleged violation of a constitutional right. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Plaintiff's allegations do not suggest that Wexford maintains a policy or practice that caused a violation of Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a viable claim against Wexford.

There are no factual allegations in the Complaint to describe what each of the individual

Defendants did or failed to do to violate Plaintiff's constitutional rights. He does not name Dr. David, Dr. Shah, Dr. Siddiqui, Doe, Lashbrook, Smoot, Crain, LeCrone, Hawkins, Lang, Walls, or Lawrence in the statement of claim. He does not explain what role, if any, each Defendant played in his medical care and/or the decisions as to where he is incarcerated or whether he is single-celled. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. *See also, Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face."). An allegation that a group of defendants violated a plaintiff's rights fails to comply with Rule 8. Because Plaintiff failed to allege specific acts of wrongdoing by the individual defendants, the personal involvement requirement necessary for § 1983 liability is not met. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

Further, Defendants who are administrators or supervisors cannot be held liable based solely on their positions as the doctrine of *respondeat superior* does not apply to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Thus, Plaintiff fails to state a claim against Dr. David, Dr. Shah, Dr. Siddiqui, Doe, Lashbrook, Smoot, Crain, LeCrone, Hawkins, Lang, Walls, and Lawrence.

## Disposition

Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 13, 2020**. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 19-cv-1238-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.[1] An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994);

---

[1] The Court notes that the Defendants are from two prison facilities – Menard and Shawnee – and it appears Plaintiff's allegations may cover a span of several years. If Plaintiff chooses to file a First Amended Complaint, he should note that Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 13, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**