IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE CORTEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-1238-SMY-MAB |
| | ) |
| WEXFORD HEALTH SOURCE, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mark A. Beatty (Doc. 71), recommending that Defendants Angela Crain, Holly Hawkins, Aimee Lang, Ron Skidmore, Anthony Wills, and the Illinois Department of Corrections ("IDOC Defendants") Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 41) and Defendants Mohammed Siddiqui and Vipin Shah ("Wexford Defendants") Motion for Summary Judgment on Plaintiff's Failure to Exhaust Administrative Remedies (Doc. 43) be granted in part and denied in part. No objections have been filed to the Report. For the following reasons, Judge Beatty's Report is **ADOPTED**.

When neither timely nor specific objections to a Report and Recommendation are made, the Court need not conduct a *de novo* review of the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court reviews the Report for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, Judge Beatty thoroughly discussed and supported his conclusions, and the Court finds no clear error with respect to his findings, analysis, or conclusions. As such, the Court **ADOPTS** his Report and Recommendation in its entirety.

Accordingly, the Court **GRANTS in part and DENIES in part** the IDOC Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 41), **GRANTS in part and DENIES** in part the Wexford Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 43). The claims in Count 3 against Defendants Lang and Skidmore are **DISMISSED without prejudice**; the claims in Count 4 against Defendants Skidmore, Shah, Crain, Lang, and Hawkins are **DISMISSED without prejudice**. The claims remaining, as modified in accordance with the factual and legal findings, are as follows:

> Count 4: Eighth Amendment deliberate indifference to serious medical needs claim against Siddiqui for ignoring Plaintiff's complaints that his pain medication was no longer effective to relieve his severe pain, and,
>
> Count 6: ADA and/or RA claim against the IDOC for failing to accommodate Plaintiff's mobility-related medical conditions and pain as it relates to access to his quad cane and cell location.

IT IS SO ORDERED.

DATED:  March 16, 2022

*Staci M. Yandle*

**STACI M. YANDLE**
**United States District Judge**