## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GEORGE CORTEZ #M12004,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 19-CV-1238-SMY** |
| | ) | |
| **MOHAMMED SIDDIQUI, and** | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff George Cortez, an inmate in the custody of the Illinois Department of Corrections,

filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated

while he was incarcerated at Menard Correctional Center. Defendants have moved for sanctions,

asserting that Plaintiff refused to take his properly noticed deposition (Doc. 85).[1]  Plaintiff has not

responded to the motion.

In support of the motion, Defendants attach an e-mail from the video writ coordinator at

the prison, stating "Please be advised that George Cortez M12004 is refusing to leave his cell to

participate in court zoom conference" (Doc. 85-2).  The Court finds the e-mail to be credible

evidence of Plaintiff's refusal to allow his deposition to be taken.

As sanctions, Defendants seek total reimbursement in an unspecific amount for the costs

of the court reporter, the appearance fee of Defendant Dr. Siddiqui, and the cost of the transcript,

but only attach one invoice for $380.00 from the court reporting service (Doc. 83-5).  Defendants

---

[1] This is not Plaintiff's first time being uncooperative with discovery; he previously refused to answer written discovery (Docs. 81, 82).

also seek dismissal of the case pursuant to Rule 37(b)(2) for Plaintiff's willful failure to participate in his deposition.

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i), the Court may order sanctions if a party fails to appear for his deposition after being served proper notice. Sanctions may include the striking of pleadings or dismissal of an action. *Id.* Sanctions must also include the reasonable expenses of the moving party unless the "failure was substantially justified, or other circumstances make an award of expenses unjust." *Id.* at 37(d)(3). Here, the documented costs incurred by Defendants due to Plaintiff's failure to sit for his deposition is $380.00, the cost of the reporting service. As such, the Court finds this monetary sanction to be reasonable.

Accordingly, Defendants' Motion for Sanctions (Docs. 85) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is **ORDERED** to reimburse Counsel for Defendants the cost of the court reporter appearance in the amount of $380.00. Failure to pay this amount to Defendants by March 6, 2023 **SHALL** result in dismissal of this action pursuant to Rule 37(d).

**IT IS SO ORDERED.**

**DATED:  February 6, 2023**

**STACI M. YANDLE**
**United States District Judge**